UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD BAYMON,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA,<br><br>    Defendant. | Case No. 21-cv-01691-JD<br><br>**ORDER RE DISMISSAL** |

Plaintiff, a pretrial detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend and plaintiff has filed a second amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff is in custody pending trial and seeks to be released. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied).

In the original complaint, plaintiff alleged that he was being illegally held in custody pending trial and the Superior Court of Sonoma County and the Sonoma County District Attorney's Office were violating the Constitution. The original complaint was dismissed with leave to amend for plaintiff to demonstrate extraordinary circumstances to warrant federal court intervention pursuant to *Younger*. Plaintiff filed an amended complaint but failed to demonstrate extraordinary circumstances to warrant federal court intervention. The claim was dismissed, and plaintiff was informed that if he was convicted, he could seek federal habeas relief once he

2

exhausted his claims.

In the amended complaint, plaintiff also raised a new claim that he was being denied access to the courts. The new access to the courts claim was dismissed with leave to amend after the Court identified the deficiencies with his allegations. In this second amended complaint, plaintiff has not discussed the access to the courts claim, but instead again seeks monetary and injunctive relief regarding his pretrial detention. Plaintiff has again failed to demonstrate extraordinary circumstances to warrant intervention. Because further amendment would be futile, this case is dismissed without leave to amend.

## CONCLUSION

1. This action is **DISMISSED** with prejudice.

2. The clerk is requested to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: July 8, 2021

JAMES DONATO
United States District Judge